# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 7, 2011

## ELIZABETH DIANE CARR v. GREGORY F. ALLEN

**Appeal from the Circuit Court for Jefferson County**
**No. 22,476      O. Duane Slone, Judge**

---

**No. E2010-00817-COA-R3-CV - Filed February 16, 2011**

---

Elizabeth Diane Carr ("Petitioner") filed for and obtained an ex parte order of protection against her cousin, Gregory F. Allen ("Respondent"). Pursuant to statute, a hearing was conducted on whether to dissolve or to extend the order of protection. In accordance with Tenn. Code Ann. § 36-3-605(b), a trial court has two options at such a hearing: (1) to dissolve the order of protection; or (2) to extend the order of protection for a definite period of time not to exceed one year. With respect to taxing costs, Tenn. Code Ann. § 36-3-617(a) expressly prohibits taxing costs against a victim, even if the order of protection is dissolved. If the order of protection is extended, the costs must be taxed against the respondent. In the present case, following the hearing on whether to extend or dissolve the order of protection, the Trial Court instead entered a mutual restraining order and taxed costs equally to both parties. Because neither action was authorized by statute, we vacate the judgment of the Trial Court and remand for further proceedings consistent with this Opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
### Circuit Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Deborah A. Yeomans, Johnson City, Tennessee, for the Appellant, Elizabeth Diane Carr.

No brief filed by the Appellee, Gregory F. Allen.

## OPINION

## Background

On March 19, 2010, Petitioner filed a petition for ex parte order of protection against Respondent. An ex parte order of protection was entered by the Trial Court and a hearing was scheduled for April 5, 2010. Following that hearing, the Trial Court entered an order stating as follows:

> This cause came to be heard on the 5[th] day of April, 2010, upon the Petition of Elizabeth Carr for an order of protection against Defendant Gregory France Allen.
>
> Upon hearing the proof in the cause, the Court finds as follows: that the parties have been physically violent towards each other in the past.
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that both parties are enjoined and restrained from any threats or acts of violence. The costs of the cause are taxed against each party equally for which execution shall issue if necessary.

Petitioner filed a timely appeal and raises two issues, which we quote verbatim from her brief:[1]

> I.    Whether the [Trial Court] erred in issuing a mutual restraining order instead of an Order of Protection?
>
> II.   Whether the [Trial Court] erred in taxing the costs of the mutual restraining order equally?

## Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de*

---

[1] The Respondent neither filed a brief nor otherwise participated in this appeal.

*novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

This Court was presented with the exact same issues in the case of *Merriman v. Merriman*, E2010-00013-COA-R3-CV, 2010 WL 3767116 (Tenn. Ct. App. Sept. 28, 2010), *no appl. perm. appeal filed*. Rather than reinvent the wheel, we quote from our Opinion in *Merriman*:

As relevant to this appeal, Tenn. Code Ann. § 36-3-605(a) & (b) provide as follows:

(a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section.

(b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court *shall either dissolve* any ex parte order that has been issued, *or shall*, if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, *extend the order of protection for a definite period of time, not to exceed one (1) year*, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. Any ex parte order of protection shall be in effect until the time of the hearing, and, if the hearing is held within fifteen (15) days of service of such order, the ex parte order shall continue in effect until the entry of any subsequent order of protection issued pursuant to § 36-3-609. . . .

Tenn. Code Ann. § 36-3-605(a) & (b) (Supp. 2009).

Petitioner correctly points out that pursuant to the above statute, at a hearing following entry of an ex parte order of protection, a trial court has

two options: (1) to dissolve the ex parte order of protection; or (2) extend the order of protection for a definite period not to exceed one year. Entering a mutual restraining order, as was done in the present case, is not one of the statutory options available to a trial court.

* * *

Petitioner's second issue is her claim that the Trial Court erred when it taxed the costs equally against both parties. As relevant to this appeal, Tenn. Code Ann. § 36-3-617 provides as follows:

> (a) Notwithstanding any other law to the contrary, no victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

Tenn. Code Ann. § 36-3-617(a) (Supp. 2009).

> Again, the relevant statute leaves a trial court little maneuvering room. The statute indicates that no victim shall be required to pay the costs, even if the order of protection is dissolved.

*Merriman*, 2010 WL 3767116 at **1-2.

We find nothing to distinguish *Merriman* from this case. Therefore, we vacate the judgment of the Trial Court and remand this case for further proceedings, as the Trial Court deems necessary, at which time the Trial Court must either dissolve the ex parte order of protection or extend the order of protection for a period of time not to exceed one year. The ex parte order of protection remains in effect until the further hearing by the Trial Court on the continuation of the order. Further, if an order of protection is extended, then the statute requires the respondent be assessed with the costs. Accordingly, on remand, the Trial Court shall not tax any of the costs to Petitioner. If the ex parte order of protection is extended, then the costs shall be taxed to the Respondent.

-4-

## **Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Circuit Court for Jefferson County for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are taxed to the Appellee, Gregory F. Allen, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE